IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **CRIMINAL ACTION** |
| Plaintiff, | ) | **No. 09-20005-08-KHV** |
| | ) | |
| v. | ) | |
| | ) | **CIVIL ACTION** |
| JAVIER DOZAL, | ) | **No. 10-2468-KHV** |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On September 22, 2010, the Court ordered defendant to show cause in writing by October 1, 2010 why the Court should not strike his Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By Person In Federal Custody (Doc. #919) filed August 23, 2010, for violation of Rule 11 of the Federal Rules of Civil Procedure. See Order To Show Cause (Doc. #936). Defendant states that he received help in preparing his pleadings, but that he has filed his Section 2255 motion and other documents pro se.[1] See Movant's Response To Court's September 22, 2010 Order (Doc.

---

[1] Defendant's response is identical to the response of the defendant in the case of United States v. Mata Soto, D. Kan. No. 08-20160-01-KHV. An attorney who "ghost writes" a brief for a pro se litigant may be subject to discipline both for a violation of the rules of professional conduct and for contempt of court. Patton v. West, 276 Fed. Appx. 756, 757 (10th Cir. 2008). In another case, United States v. Garcia-Gallardo, D. Kan. No. 09-20005-03-KHV, the Court gave Robin S. Martin an opportunity to show cause why the Court should not refer that matter for potential investigation by the Chief Trial Counsel for the State Bar of California. See Amended Order To Show Cause (Doc. #931). Martin has not filed a response. The Court notes that Dozal has attached a letter from Martin to his response to the Court's order to show cause. See Attachment to Movant's Response To Court's September 22, 2010 Order (Doc. #942). The letter instructs Dozal to sign and date the document and mail it to the Clerk for filing. See id. Based on this letter, the appearance of the multiple Section 2255 motions recently filed in various cases, see Mata Soto, supra, United States v. Perea, D. Kan. No. 08-20160-08-KHV, Garcia-Gallardo, supra, and United States v. Chavez-Cadenas, D. Kan. No. 09-20005-10-KHV, and the web site reference that the address on the various motions is associated with "Lawyer Robin S. Martin," the Court refers this matter for investigation by the Chief Trial Counsel for the State Bar of California.

#942). Defendant does not claim that he signed his Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By Person In Federal Custody (Doc. #919) filed August 23, 2010. For reasons stated in the Order To Show Cause (Doc. #936), the Court overrules without prejudice defendant's Section 2255 motion.[2]

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By Person In Federal Custody (Doc. #919) filed August 23, 2010 be and hereby is **OVERRULED without prejudice.**

**The Clerk is directed to mail a copy of this order by certified mail, return receipt requested, to Robin S. Martin, 1443 E. Washington Blvd. #126, Pasadena, CA 91104 and to the State Bar of California, Chief Trial Counsel, 1149 South Hill Street, 10th Floor, Los Angeles, CA 90015-2299.**

Dated this 18th day of November, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2] As explained in the order to show cause, because defendant did not file a direct appeal, his conviction became final on June 23, 2010 (14 days after the Court entered judgment). See Rules 4(b)(1)(A), 4(b)(6) and 26(a)(2), Fed. R. App. P. If defendant wants to re-file his motion, he should note the one-year period of limitations set forth in 28 U.S.C. § 2255.