IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 09-20005-08-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| JAVIER DOZAL, | ) | No. 10-2675-KHV |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

On April 19, 2011, the Court overruled defendant's motion to vacate his sentence under 28 U.S.C. § 2255. See Memorandum And Order (Doc. #975). This matter is before the Court on defendant's Motion For Reconsideration (Doc. #976) filed May 5, 2011. For reasons stated below, the Court overrules defendant's motion.

**Legal Standards**

A court has discretion whether to grant a motion to reconsider. Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 944 (10th Cir. 1995). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. See Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996); D. Kan. Rule 7.3(b). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed. See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994). Such motions are not appropriate if movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See Van Skiver

v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).

## **Analysis**

Defendant argues that his first two claims are not barred because his counsel was ineffective, and his claims therefore fall within the exception for waivers of collateral attack under United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir. 2001), cert. denied, 534 U.S. 1085 (2002). Motion For Reconsideration (Doc. #976) at 2. Here, the scope of the waiver unambiguously included the right to collaterally attack by a Section 2255 motion any matter in connection with defendant's prosecution, conviction or sentence. See Plea Agreement ¶ 10. The plea agreement and Cockerham only provide an exception for ineffective assistance of counsel claims "challenging the validity of the plea or the waiver." 237 F.3d at 1187. Because defendant's first and second claims (ineffective performance related to failure to file a motion to suppress and a motion to dismiss) do not challenge the validity of the plea or waiver, the Court correctly concluded that they fall within the scope of the waiver in the plea agreement. See Memorandum And Order (Doc. #975) at 3-4.

Defendant suggests that before determining whether a waiver is valid, the Court must determine whether his claims have merit under Strickland v. Washington, 466 U.S. 668 (1984). See Motion For Reconsideration (Doc. #976) at 2. In its initial order, the Court evaluated all of defendant's claims under Strickland and determined that they lacked substantive merit. See id. at 6-8. Defendant does not explain how the Court erred in analyzing his claims or identify any basis for the Court to reconsider its conclusion that counsel's performance was not deficient or prejudicial.

Defendant argues that the Court should have provided him access to the same documents as the government. See Motion For Reconsideration (Doc. #976) at 3. In its prior order, the Court ruled as follows:

>Defendant seeks "all records, all motions, all responses to those motions, Plea Agreement with any Addendum(s), all documents on file and all transcripts (including transcripts of all evidentiary hearings, plea taking and sentencing)." Doc. #970 at 2. To its response, the government attached both the plea agreement and the transcript of the change of plea hearing. See Exhibits 1 and 2 to Government's Response to Defendant's Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence By a Person In Federal Custody (Doc. #969) filed February 22, 2011. As to all other documents and transcripts, defendant has not shown that absent the information, he could not prepare a reply brief on the limited issues in the government's response brief. Absent a showing of a particularized need, the Court generally does not provide copies of transcripts or other information to indigent prisoners. See Rule 7 of the Rules Governing Section 2255 Proceedings (if motion not summarily dismissed, court may order expansion of record to include additional materials relevant to motion); 28 U.S.C. § 753 (fees for transcripts paid by United States if judge certifies that suit or appeal is not frivolous and that transcript is needed to decide issue presented); 28 U.S.C. § 2250 (United States shall furnish without cost to indigent prisoner such documents as judge may require); Brown v. N.M. Dist. Court Clerks, 141 F.3d 1184, 1998 WL 123064, at *3 n.1 (10th Cir. Mar. 19, 1998) (to obtain free copy of transcript, habeas petitioner must demonstrate claim not frivolous and materials needed to decide issue presented by suit); United States v. Sistrunk, 992 F.2d 258, 260 (10th Cir. 1993) (under 28 U.S.C. § 753(f), indigent defendant entitled to free copy of transcript on showing of particularized need); Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992) (prisoner does not have right to free transcript simply to search for error in record); see also United States v. Horvath, 157 F.3d 131, 132 (2d Cir. 1998) (motion for free transcript under Section 753 not ripe until Section 2255 motion has been filed). The Court therefore overrules defendant's request for discovery beyond that already provided in the exhibits to the government's response.

Memorandum And Order (Doc. #975) at 6-7 (footnote omitted). Defendant does not specifically explain how further discovery may have supported his claims or how the Court erred in evaluating his request for discovery materials.[1] The Court therefore overrules defendant's motion to reconsider

---

[1] Defendant argues that he was unable to review a copy of the applications and affidavits for various wiretaps to determine whether the government satisfied the necessity requirement of 18 U.S.C. § 2518(10)(a), but he does not dispute that counsel had access to this information and in fact joined the motion to suppress which Sergio Hernandez-Mosquedo filed. See Joinder Motion (Doc. #415) filed November 11, 2009. In the joinder motion, counsel asked the Court to suppress evidence from wiretaps of the phones of Naranjo, Secundino Arias-Garcia and defendant. See id. at 1 (referencing arguments made by counsel for Hernandez-Mosquedo in motion

(continued...)

in this regard.

**IT IS THEREFORE ORDERED** that defendant's Motion For Reconsideration (Doc. #976) filed May 5, 2011 be and hereby is **OVERRULED**.

Dated this 7th day of July, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1](...continued)
to suppress, Doc. #397). The Court specifically found that the government satisfied the necessity requirement as to Naranjo's phone. See Memorandum And Order (Doc. #567) at 6-10. As explained in the prior order, because counsel joined in a motion to suppress which raised the necessity requirement as to Naranjo's phone, defendant has not shown that counsel's performance in this regard was deficient or prejudicial. See Memorandum And Order (Doc. #975) at 6-7. Defendant does not explain how his review of the applications and affidavits for wiretaps could help support his ineffective assistance of counsel claim.

Defendant also argues that in United States v. Harris, D. Kan. No. 06-20131-01, the Court provided a defendant the "same records, documents and transcripts." Doc. #976 at 3. Defendant ignores the fact that in Harris, the Court overruled defendant's request for "copies of (1) all transcripts including arraignment, trial and sentencing and (2) all discovery including police reports and cooperation agreements." Memorandum And Order (Doc. #101 filed in D. Kan. No. 06-20131-01) at 1. In Harris, the Court sustained defendant's request only to the extent that his prior counsel had paper copies of transcripts or materials that counsel had not already submitted to defendant. See id. at 2.