# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CRIMINAL ACTION |
| Plaintiff, ) | No. 09-20005-08/25-KHV |
| ) | |
| v. ) | |
| ) | CIVIL ACTION |
| JAVIER DOZAL and ) | No. 10-2674-KHV |
| CARLOS DOZAL-ALVAREZ, ) | No. 10-2675-KHV |
| ) | |
| Defendants. ) | |
| _____) | |

### MEMORANDUM AND ORDER

On April 19 and July 7, 2011, the Court overruled the motions to vacate sentences under 28 U.S.C. § 2255 filed by Javier Dozal and Carlos Dozal-Alvarez and denied a certificate of appealability as to both motions. See Memorandum And Order (Doc. #978) (Dozal-Alvarez); Memorandum And Order (Doc. #975) (Dozal). On July 7, 2011, the Court overruled the motion to reconsider filed by Javier Dozal. See Memorandum And Order (Doc. #977). On July 18, 2011, Dozal appealed. See Notice Of Appeal (Doc. #981). On August 3, 2011, Dozal-Alvarez appealed. See Notice Of Appeal (Doc. #985). This matter is before the Court on the Joint Consolidated F.R.Evid. 201 Notice Of Void Judgment/Final Order(s) And Demand Pursuant To Principles Underlying FRCP Rule 60(b)(3), (4), (5), (6) (Doc. #989) which Javier Dozal and Carlos Dozal-Alvarez filed September 6, 2011, and which the Court construes as a motion to reconsider. For reasons stated below, the Court overrules defendants' motion.

Subject to exceptions which do not apply in this case, the filing of a notice of appeal divests a district court of jurisdiction. See United States v. Madrid, 633 F.3d 1222, 1226-27 (10th Cir. 2011); United States v. Brown, 290 Fed. Appx. 157, 159 (10th Cir. 2008); United States v. Prows, 448 F.3d 1223, 1228 (10th Cir. 2006); United States v. Meyers, 95 F.3d 1475, 1489 n. 6 (10th Cir.

1996), cert. denied, 522 U.S. 1006 (1997); see also United States v. Varah, 952 F.2d 1181, 1182-83 (10th Cir. 1991) (pending appeal divests district court of jurisdiction to decide motion for new trial on grounds of newly discovered evidence). This rule is a judge-made doctrine, designed to promote judicial economy and avoid the confusion and inefficiency that might flow from putting the same issue before two courts at the same time. Madrid, 633 F.3d at 1226.

The Tenth Circuit has noted certain exceptions to the general rule as follows:

> To be sure, an effective notice of appeal does not prohibit all later action in the case by the district court. Under the Federal Rules the district court can proceed to resolve some matters simultaneously with the appellate court's consideration of the appeal. For example, Federal Rule of Appellate Procedure 4(b)(5) gives the district court concurrent jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(a). Also, the Appellate Rules specify certain motions that toll the time to file a notice of appeal, and the effect of a notice of appeal is suspended while such a motion is under consideration by the district court. See Fed. R. App. P. 4(a)(4)(B)(i) (civil appeals); id. 4(b)(3)(B) (criminal appeals); id. advisory committee's note, 1993 Amendment ("A notice [of appeal] filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.").
>
> In addition, appellate courts have carved out further exceptions to the general rule that allows district courts to address certain matters when judicial efficiency is thereby enhanced. District courts "may act in aid of the court of appeals' exercise of its jurisdiction," may address "matters that are [not] comprehended within the appeal," and may continue full consideration of the case if it certifies that the notice of appeal is invalid or frivolous. 16 Charles Alan Wright et al., supra § 3949.1; see Stewart v. Donges, 915 F.2d 572, 575 n. 3 (10th Cir. 1990) (district court retains jurisdiction over ministerial matters in aid of the appeal and matters tangential to the appeal); id. at 576–78 (discussing district-court certification that the appeal is frivolous or forfeited); Garcia v. Burlington N. R.R. Co., 818 F.2d 713, 721 (10th Cir. 1987) (district court retains jurisdiction over "collateral matters not involved in the appeal"); 20 James Wm. Moore et al., supra § 303.32[2][b] (district court may take steps to maintain status quo or in aid of appeal, may address matters not involved in the appeal, and may proceed if appeal is frivolous).

Madrid, 633 F.3d at 1226-27. None of these exceptions would permit the Court to reconsider its rulings on defendants' Section 2255 motions or its ruling on a prior motion to reconsider filed by

Dozal.

Defendants argue that the Court has jurisdiction to hear their motion because the civil judgment in the Section 2255 proceeding is void. See Doc. #989 at 3-4. Under Fed. R. Civ. P. 60(b)(4), a litigant may obtain relief from a final judgment if "the judgment is void." A judgment may be void "if entered in a manner inconsistent with due process." Orner v. Shalala, 30 F.3d 1307, 1310 (10th Cir. 1994). Despite the label attached to their argument, defendants assert a violation of Title III, specifically 18 U.S.C. §§ 2515 and 2518, which involves the admissibility of certain evidence. See id. at 1-3. Defendants attack (1) the Court's reliance on information which was allegedly indirectly obtained as a result of a violation of Title III and (2) counsel's failure to raise this issue. See id. These arguments are related to the current appeal and do not assert that the Court entered judgment in the Section 2255 proceedings in a manner inconsistent with due process.[1] The

---

[1] To the extent that defendants attack the validity of the underlying criminal judgment, such a challenge must be raised under 28 U.S.C. § 2255, not under Rule 60(b) of the Federal Rules of Civil Procedure. See United States v. Mazun, 369 Fed. Appx. 876, 878 (10th Cir. 2010) (defendant's Rule 60(b) motion which challenges validity of criminal judgment is not "true" Rule 60(b) motion, but rather second Section 2255 motion); United States v. Kirtman, 310 Fed. Appx. 278, 281 (10th Cir.) (bar against successive Section 2255 petitions may not be avoided by simply styling petition under different name), cert. denied, 129 S. Ct. 2071 (2009); In re Cline, 531 F.3d 1249, 1253 (10th Cir. 2008) (claim nominally filed under Rule 60(b) in habeas proceeding is, in substance, a successive habeas claim if it asserts or reasserts substantive challenge to validity of conviction); see also United States v. Patrick, 264 Fed. Appx. 693, 695 (10th Cir. 2008) (challenge that defendant was convicted without jurisdiction is challenge to validity of conviction and must be brought pursuant to Section 2255 unless that remedy is inadequate or ineffective); United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006) (relief sought, not pleading title, determines whether pleading is Section 2255 motion). After a defendant has exhausted his direct appeal in a criminal action, his exclusive remedy for raising a challenge to his conviction and sentence is under Section 2255 unless that remedy is inadequate or ineffective. See United States v. McIntyre, 313 Fed. Appx. 160, 162 (10th Cir. Feb. 23, 2009); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Failure to obtain relief under Section 2255 does not establish that the remedy so provided is either inadequate or ineffective. Bradshaw, 86 F.3d at 166. Absent authorization from the Tenth Circuit Court of Appeals, the Court cannot entertain a second or successive Section 2255 motion.
(continued...)

Court therefore declines to consider defendants' new arguments related to Title III because by doing so, the Court would thwart – not aid – The Tenth Circuit's exercise of jurisdiction on related issues in the appeals of both defendants.  Madrid, 633 F.3d at 1227.  Because defendants have already filed notices of appeal, the Court denies defendants' motion to reconsider for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that the Joint Consolidated F.R.Evid. 201 Notice Of Void Judgment/Final Order(s) And Demand Pursuant To Principles Underlying FRCP Rule 60(b)(3), (4), (5), (6) (Doc. #989) which Javier Dozal and Carlos Dozal-Alvarez filed September 6, 2011, which the Court construes as a motion to reconsider, be and hereby is **OVERRULED**.

Dated this 18th day of October, 2011 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge

---

[1](...continued)
See Kirtman, 310 Fed. Appx. at 281 (Rule 60(b) motion subject to second or successive authorization requirements if, in substance or effect, motion asserts or reasserts federal basis for relief from underlying conviction); Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005); Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006).